

FILED AXA
1/23/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Those Characters From Cleveland, LLC,   ) | Case No.: 23-CV-15080 |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | |
| ) | Judge: Franklin U. Valderrama |
| THE INDIVIDUALS, CORPORATIONS   ) | |
| LIMITED LIABILITY COMPANIES,   ) | |
| PARTNERSHIPS AND UNINCORPORATED   ) | |
| ASSOCIATIONS IDENTIFIED ON   ) | |
| SCHEDULE A HERETO,   ) | |
| ) | Magistrate: Jeffrey T. Gilbert |
| Defendants.   ) | |
| ) | |

## DEFENDANT NO. 243, UNDEADREDNECK'S MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISSS COMPLAINT WITH PREJUDICE

Defendant, TeePublic account named Undeadredneck, identified as defendant No. 243 in the above-captioned case ("Defendant"), submits this memorandum of law in support of its Motion to Dismiss the Complaint for Lack of Jurisdiction, and Failure to State a Claim, pursuant to Fed. R. Civ. Pro. 12(b)(2), and (6).

Prior to filing this instant motion, Defendant made diligent efforts to contact Plaintiff's counsel, specifically to discuss lack of sales and request to be dismissed. Plaintiff's counsel has opposed this motion.

* * * *

## INTRODUCTION

This particular case is just one among a vast array of lawsuits filed in this District Court (the "Court"), all exhibiting a remarkably similar pattern, as identified by Legal Professor Eric Goldman in what he terms a "SAD Scheme". (Goldman, Eric, *A SAD Scheme of Abusive Intellectual Property Litigation* (November 20, 2023). 123 Columbia Law Review Forum 183 (2023), Santa Clara Univ. Legal Studies Research Paper No. 4381824, Available at SSRN: https://ssrn.com/abstract=4381824 or http://dx.doi.org/10.2139/ssrn.4381824).

In these cases, the plaintiffs initiate legal action against sizable groups of foreign defendants, alleging infringement. The legal proceedings commence with an ex parte temporary restraining order, freezing the defendants' online marketplace platforms and corresponding funds. Throughout the process, original defendants may be voluntarily dismissed, new defendants added, and default judgments entered against those who remain in the case. Given that the targeted defendants are typically foreign, (not residing in the US), service is often permitted via email. It is uncommon for these foreign defendants to contest the claims, even if properly served. This Court recently presided over such a case, (*Roblox Corporation. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified On Schedule A Hereto* 23-cv-01525). It saw no defendants appearing to contest the default judgment, resulting in a Final Judgment on September 15, 2023.

However, the reality behind these cases is a lot more nuanced. The defendants often discover the case only when they find their accounts are fully frozen, listings have been removed, and funds in accounts frozen.

The uncertainty faced by the defendants includes potential business closures, restricted access to funds, and product removal without clear explanations. Email summons from the plaintiff's counsel might go unnoticed in junk mail, lacking explicit mention of a lawsuit or being sued. The defendants may be very wary of scams and might distrust the email, be wary about downloading attachments and also clicking links. Faced with time constraints or being unaware of preliminary injunction hearings, the defendants may pay without understanding the merits of their case. Small businesses, sole proprietors, and individuals struggle to find affordable legal representation familiar with state laws.

The plaintiffs often target anyone engaged in marketplace sales, overlooking the size of the entities involved. In a recent news report, a purported business reportedly discovered the case against them only after receiving default judgement. Despite the plaintiff's assertion that the defendant wasn't their intended target, the defendant still became part of the lawsuit. (Willman, Chris, *How Does a Mom Get Slapped With a $250,000 Judgment Over $380 of Homemade Luke Combs Merch? Experts Cite 'Cottage Industry' of Mass Counterfeit Suits in Illinois* [Online] (December 15, 2023). Variety, Available at: https://variety.com/2023/music/news/mass-lawsuits-luke-combs-tumblers-legal-experts-counterfeit-illinois-cottage-industry-1235841650/.)

This lack of due diligence raises questions about the legitimacy of injunctions granted. It prompts consideration of whether these defendants, often private individuals and small sellers, are paying settlements due to a lack of options and legal resources or being ignored by counsels and left to default. The broader concern is whether plaintiffs and their counsel face any sanctions for their practices.

* * * *

## BACKGROUND

Defendant is a TeePublic account registered on teepublic.com, specializing in parody and satire designs that could be used on various merchandise. The account is operated by Mike Lauzon, a resident of Halifax, NS in Canada. as declared by Defendant in paragraphs 4 of its supporting Mike Lauzon Declaration. ("Lauzon Decl.").

Plaintiff filed this case on October 18, 2023, alleging trademark infringement and counterfeiting, false designation of origin, and copyright infringement. [Docket. 1]. This case is almost identical to another case. The plaintiff there, shares the same counsel as Plaintiff in this case. See, *Roblox Corporation. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified On Schedule A Hereto* 23-cv-05346.

On October 24, 2023, the Court granted Plaintiff ex parte motion to file initial pleadings and related documents under seal, along with a fourteen (14) day temporary restraining order ("TRO") and for electronic service of process. An extension of the TRO was granted on November 09, 2023 for a further fourteen days. The summons was served on November 21, 2023 and on the same day Plaintiff obtained a preliminary injunction.

## ARGUMENT

### A. The Complaint Should Be Dismissed Under Rule 12(b)(2) Lack of Personal Jurisdiction

As per the declaration, (**Lauzon Decl.¶ 9.**), Defendant was served with a copy of the summons and complaint by Plaintiff on November 21, 2023.

Defendant raises a Rule 12(b)(2) challenge here, so "the plaintiff bears the burden of demonstrating the existence of jurisdiction. "Curry v. Revolution Lab's, LLC, 949 F.3d 385, 392

(7th Cir. 2020) (citation omitted). As it stands, Plaintiff cannot demonstrate the existence of jurisdiction.

General jurisdiction over an individual "is the individual's domicile." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011). Defendant is domiciled in Canada and thus not subjected to general jurisdiction in Illinois.

Defendant is a Canadian individual, resident in Halifax NS, who uploaded a parody design to a third-party website. **(Lauzon Decl.¶ 9.).** TeePublic has sold zero (0) of the accused products featuring Defendants supplied design. **(Lauzon Decl.¶ 21.) (EXHIBIT D).** Defendant has had the account since 2016 without any issues. Defendant does not sell any products to anyone. Defendant has no contacts at all with Illinois, has never visited, never sent anything via mail, never spoken on the telephone either. The only contact with Illinois is via Plaintiff's counsel when they emailed the summons. Defendant did not purposefully avail itself to the jurisdiction of the state of Illinois or this Court's judicial district. **(Lauzon Decl.¶ 23.).**

This Court has held in a long line of opinions that it cannot exercise jurisdiction over an online seller under similar circumstances, and the Seventh Circuit in *NBA Properties, Inc. v. HANWJH,* 46 F.4th 614, 622, 624 (7th Cir. 2022) confirmed something more is required.

Furthermore, a recent decision by Judge Durkin in what is another similar case in this district, found "Bigfinz ha[d] never sold a t-shirt in Illinois and ha[d] no other contacts with Illinois" and concluded "the Court does not have personal jurisdiction over Bigfinz". *Roblox Corp. v. Bigfinz, 2023 U.S. Dist. LEXIS 212147 (N.D. Ill. Nov. 29, 2023*). The defendant Bigfinz in the *Roblox* case, is also a supplier of designs using TeePublic.

In Defendant Undeadredneck's case, Plaintiff relies on various case law from 2015, finding personal jurisdiction over online retailers. [Docket 11 – Plaintiff Memorandum – Page 12-13]

However, in *Roblox,* Judge Durkin referred to newer case law, where Courts in this district now generally agree that at least one sale of the alleged item must have been sold in Illinois for the purpose of the jurisdiction argument. See, e.g., Sun Chenyan v. The P'Ships, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) ("Finding specific personal jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay Stores."); Rubik's Brand, Ltd. v. Partnerships, 2021 WL 825668, at *4 (N.D. Ill. Mar. 4, 2021) ("That an Illinoisan might someday find [the defendant's] website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over [the defendant]."); MSMDesign & Eng'g LLC v. Partnerships, 2021 WL 3187706, at *3 (N.D. Ill. July 28, 2021) ("Recent decisions from this District have amplified that the mere possibility a product could be ordered online and shipped to Illinois is not, by itself, sufficient to form minimum contacts with this forum."). Roblox Corp. v. Bigfinz, 23 C 5346, (N.D. Ill. Nov. 29, 2023).

Plaintiff asserts in its Complaint that "each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A". [Complaint ¶ 2.].

This representation to the Court is grossly exaggerated and materially misrepresents the actual facts of Defendant's actions. Defendant did not purposefully avail itself to the jurisdiction of the state of Illinois or this Court's judicial district. Defendant has never engaged in any commercial transaction with anyone in Illinois and has no business dealings in Illinois. Defendant has no control on where TeePublic sells products with its designs on either.

Not only that, Defendant expeditiously informed Plaintiff via email that the design never sold and Defendant was not Chinese but Canadian; located in Halifax, NS. Defendant did this numerous times and on the second occasion attached screenshot evidence from TeePublic showing the removed design, it's gross commission earnings of zero ($0) and total sales of zero (0). So in this case both Defendant and TeePublic have had no contacts with Illinois. **(Lauzon Decl.¶ 11 & 13.). (See EXHIBITS C – Figure 2, and EXHIBIT D)**

Plaintiff does not appear to be bothered about any merits in this case, and finally replied to Defendants emails on January 09, 2023. They made no reference at all to Defendants lack of sales. **(Lauzon Decl.¶ 17.) (See EXHIBIT C – Figure 5).**

Accordingly, Plaintiff does not – and cannot – plead facts sufficient for the Court to exercise personal jurisdiction over Defendant and it respectfully requests that this Court dismiss the Plaintiff's Complaint under Rule 12(b)(2) for lack of personal jurisdiction.

### B. The Failure to state a claim - Under Rule 12(b)(6)

Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Defendant has read the complaint and concluded there is no short and plain statement. There is no "sufficient detail to give the defendant 'fair notice of what the . . . claim is and the

grounds upon which it rests.' " *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).

### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

To prevail on either a trademark claim or unfair competition claim, a plaintiff must demonstrate that the defendant's use of a protectable mark is likely to cause confusion among consumers. *Phoenix Entm't Partners v. Rumsey,* 829 F.3d 817, 822 (7th Cir. 2016). *See Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806 (9th Cir. 2003) "Trademark law aims to protect trademark owners from a false perception that they are associated with or endorse a product", citing Cairns, 292 F.3d at 1149-50. A plaintiff must thus plead allegations that make it plausible that such likelihood of confusion exists. *See, Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible). The Complaint fails to demonstrate any use of marks, let alone any potential confusion caused by any defendant.

The Complaint consists of broad and conclusory allegations devoid of evidence and specifics, targeting likely non-related defendants. It fails to identify any accused goods that could allegedly cause confusion. The Complaint's lack of proper identification of allegedly counterfeit products renders it devoid of useful information and fails to meet the requirements necessary to put defendants, specifically this Defendant, on notice of the claims against them.

The initial email, refers to the case being for trademark infringement, **(EXHIBIT C. Fig 1),** the Complaint refers to both trademark and copyright infringement. The evidence provided by Plaintiff's counsel simply highlights the text 'care bear' in the description. **(EXHIBIT E. Fig 1.**

The use of 'care bear' as part of the description is undoubtedly part of the accurate description of the design subject on the T-shirt and uses the words 'care bear' as is reasonably necessary. The full text being 'A themed care bear mashup design let me know what you think'. There is nothing there that could lead any consumer to be confused. Not only that, despite Defendant's hand drawn image of a Care Bear, it is so clearly hand drawn and cannot possibly be confused as to being endorsed by Plaintiff. This is a clear example of classic fair use, where "a defendant has used the plaintiff's mark *only* to describe his own product, *and not at all to describe the plaintiff's product.*" *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 809 (9th Cir. 2003) citing *Cairns,* 292 F.3d at 1151.

Plaintiff has not presented any evidence in support of its claims here.

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

The allegations of false designation of origin essentially amounts to an allegation of fraud. Defendant is astounded by the accusation and categorically denies any wrongdoing. `Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud" (Fed. R. Civ. P. 9(b)), which means that the plaintiff must plead 'the who, what, when, where, and how' of the alleged fraud. *AnchorBank, FSB v. Hofer,* 649 F.3d 610, 615 (7th Cir. 2011) (internal citation omitted).

When Plaintiff replied for the first time on January 09, 2023, just short of 7 weeks after Defendant first reached out, Plaintiff attached what can loosely be described as evidence, stating Defendant had "infringed both of our client's trademarks and copyrights". **(EXHIBIT C. Figure 5.).** The evidence has helpfully got the word Care Bears circled in the title. **(EXHIBIT E. Fig 1).** That phrase cannot possibly be an infringement of "both of our client's trademarks and

copyrights". The complaint has 9 trademarks attached in exhibits and they don't make clear what or how they believe Defendant is infringing. Plaintiff has spent no time at all putting together information to specify to this Defendant the applicable circumstance. As Plaintiff only circled the two words, Defendant is also confused as to if they are accusing copyright infringement or not, despite what they have typed in the email.

Plaintiff has failed to state a claim for trademark infringement and counterfeiting and therefore also fails to show false designation of origin.

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

To prevail on copyright complaint plaintiff must show (1) ownership of the copyright and (2) copying by the defendant. Defendant does not dispute Plaintiffs ownership of the copyrights, however defendant does dispute copying and asserts fair use. The design is parody and meant to put together two identifiable yet totally contrasting 80's icons in to a new design. Defendant only takes enough of the Care Bears 'style' to evoke the object of this parody.

The fair use exception excludes from copyright restrictions certain works, such as those that criticize and comment on another work. 17 U.S.C. § 107. *See also Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394, 1399 (9th Cir.) (holding that fair use "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster"), *cert. dismissed,* 521 U.S. 1146, 118 S.Ct. 27, 138 L.Ed.2d 1057 (1997).")

When comparing Defendant's design besides one of Plaintiff's the difference become very clear. The example of the CARE BEAR has been screenshotted from evidence provided by Plaintiff. (Document #: 11-3 Filed: 10/18/23 Page 45 of 62 PageID #:292)



Plaintiff's customers would undoubtedly see the immediate differences in Plaintiff's design without the need of a side by side analysis. Arguably the only thing that Defendant has used to evoke a Care Bear, is a rough image of a bear and the heart on the nose. The ears are different, the eyes are different, the bear shape is different (albeit a generic cartoon bear shape), there is no heart on the hip as all Care Bears have, the eyelids and eyebrows are different. All of the combined with the tough guy style of Mr T, cannot amount to anything other than an extensive transformation.

Any reasonable person that love's the 80's, can see the comedic effect of a caring cute looking bear styled as a tough guy, that played a character on the run for a crime he did not commit. Defendant's parody is by definition "[a]n imitation of the style" of a Care Bear "with deliberate exaggeration" by way of its Mr T themes addition "for comic effect".

"parody." *Oxford Reference.* ; Accessed 23 Jan. 2024.

https://www.oxfordreference.com/view/10.1093/oi/authority.20110803100307555.

Defendant does not deny that there was a commercial expectation for the design. It was uploaded to TeePublic in order to find a market and earn commission (which is did not successfully do). However, Defendant contends that its design is a near complete transformation from Plaintiffs. See *Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 803 (9th Cir. 2003) citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994). [T]he more "transformative the new work, the less will be the significance of the other factors, like commercialism, that may weigh against a finding of fair use.").

Defendants design only uses a minimum of Plaintiffs. Defendant has copied or traced and exact Care Bear and then altered or added to it, Defendant has drawn free-hand a design as noted above, that omits a great deal of what Plaintiff states in its style guide are features of the Care Bear. Defendant believes, any less may sway against the identification of the bear. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 588 (1994) ("What makes for this recognition is […] most distinctive or memorable features, which the parodist can be sure the audience will know. Once enough has been taken to assure identification, how much more is reasonable will depend, say, on the extent to which the […] overriding purpose and character is to parody the original or, in contrast, the likelihood that the parody may serve as a market substitute for the original. But using some characteristic features cannot be avoided.")

Finally, Defendant asserts that it's design does not in any way impact the market for Plaintiff's CARE BEARS and related products. It is highly unlikely that a T-shirt with Defendant's design on it would substitute, for example, a T-shirt featuring Plaintiff's Good Look Bear™ or any others. Defendant's design could only reasonably substitute another design for

adults born in the 80's looking for nostalgia. Defendant asserts it is unlikely that Plaintiff would be commission CARE BEARS to take on styles of 80's action icons that completely contrast with CARE BEARS are about.

## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

Plaintiff has failed to state any claim to trademark and copyright infringement. The allegations for violation of the Illinois Uniform Deceptive Trade Practices Act in the Complaint depends on defendants' actual infringing. Plaintiff has failed to show any damage or any deception caused by any defendant let alone this Defendant.

Plaintiff is clearly more concerned about getting money, which it is not entitled to and to which Defendant does not have. Plaintiff has failed to provide specific circumstances applicable to any defendant, let alone this Defendant. Therefore, the case should be dismissed for failure to state a claim.

### Conclusion

Defendant stands accused of wrongdoing without being adequately informed of the details. Defendant finds itself entangled in a case where all defendants, face allegations of multiple counts of infringement and fraud without specific evidence and face losing their accounts and any income as a consequence. That said, Defendant believes that it has covered what is a presumption of what the Complaint is about and has well pled reasons for this frivolous case to be dismissed it its entirety.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dissolving the current injunction, directing TeePublic to release Defendant's account and all restrained funds, and fully dismissing Defendant with prejudice. Furthermore, Defendant seeks damages as the Court deems appropriate for the loss of earnings incurred and sanctions on Plaintiff and its counsel where the Court deem necessary.

DATED: January 23rd, 2024.          Respectfully submitted,

/s/ Mike Lauzon

Defendant 243
Undeadredneck
Mike.t.lauzon@gmail.com
2074 Robie Street, Halifax NS b3k5l3, Canada

*pro se litigant*